# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCKHILL DIVISION

| | |
|---|---|
| Patricia T. Patterson, ) | Civil Action No. 0:10-2438-MBS |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| AutoZone Auto Parts, Inc.; and Gallagher Bassett ) | |
| Services, Inc., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Patricia Patterson ("Plaintiff") filed this *pro se* action on September 17, 2010 against Defendants AutoZone Auto Parts, Inc. ("AutoZone") and Gallagher Bassett Services, Inc. In her complaint, Plaintiff states that she brought this suit "collaterally attacking March 26, 2010 and September 8, 2009 judgments" issued by the Lancaster County Court of Common Pleas. Compl. at 4. Plaintiff alleges that her suit is based upon "conspiracy to commit fraud, fraud, discrimination, bribery, and fraud upon the court" and is made pursuant to Federal Rule of Civil Procedure 60(b) and Title 42, United States Code, Section 1985. *Id.* The gravamen of Plaintiff's complaint is that Defense counsel obtained judgments adverse to her in her workers' compensation claim by defrauding the Workers' Compensation Commission and the courts; conspiring with Plaintiff's counsel, Attorney David Benson; engaging in bribery; and "discriminating" against Plaintiff as a *pro se* litigant. Plaintiff has appended numerous documents to her complaint, some of which are documents alleged to be in support of Plaintiff's claims, and some of which contain legal argument. Plaintiff seeks to void judgments issued by the Lancaster County Court of Common Pleas on September 8, 2009 and March 26, 2010, and seeks an award of workers' compensation benefits for

injuries she alleges arose during the course of her employment with AutoZone.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., Plaintiff's case was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. On October 6, 2010, the Magistrate Judge issued a Report and Recommendation recommending that the complaint be dismissed without prejudice. The Magistrate Judge construed Plaintiff's complaint as attempting to allege a cause of action under 42 U.S.C. § 1983 and found that: 1) Defendants did not act under color of state law as is required for causes of action under § 1983, and 2) the court does not have authority to review the final determinations of state or local courts under the *Rooker-Feldman* doctrine.[1]   On October 14, 2010, Plaintiff filed objections to the Report and Recommendation arguing, among other things, that she alleged a cause of action under § 1985, not § 1983.[2]  On November 30, 2010, Plaintiff filed a motion to supplement her complaint to fall under § 1985 to the extent that it was not clear in the original complaint.[3]  On December 22, 2010, Plaintiff

---

[1] On October 1, 2010, Defendants filed a motion to dismiss. On October 6, 2010, the Magistrate Judge directed the clerk not to authorize service upon Defendants. It is unclear why Defendants filed a motion to dismiss before they were served with process. The Magistrate Judge's recommendation of summary dismissal was not based upon Defendant's motion to dismiss. Instead, it was based upon an initial review of the case. Although Defendants have filed a motion to dismiss and have filed responses to many of Plaintiff's motions, the court does not consider these filings.

[2] Plaintiff also filed a response to Defendants' motion to dismiss and a motion to disqualify defense counsel on this date. On October 25, 2010, Defendants responded to the motion to disqualify counsel. As was noted above, the court is not considering Defendants' motion to dismiss. In addition, Plaintiff's motion to disqualify has not yet been addressed by the Magistrate Judge and therefore, is not yet before the court.

[3] Plaintiff's motion was filed as a motion to supplement the complaint, "with elimination of errors." Entry 20 at 1. Under Federal Rule of Civil Procedure 15(c), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." *Id.* Plaintiff's "Supplemental Verified Civil Rights Complaint" seeks not to set out an event that occurred after Plaintiff's September 17, 2010 filing of her complaint, but to fix perceived errors in the complaint. As such, Rule 15(c) is inapplicable and the court construes Plaintiff's motion to supplement her pleadings as a motion to amend the complaint.

filed a second motion to supplement the complaint.[4] On January 4, 2010, Plaintiff filed a motion to amend the complaint.

## I. Background

Plaintiff seeks workers' compensation benefits for injuries sustained on July 26, 2004, April 17, 2005, and April 19, 2005 while working for AutoZone. Compl. at 5. On February 24, 2006, Plaintiff hired the Law Firm of Elrod, Jones, Leader & Benson, P.A. to represent her in her workers' compensation claim. Entry 1-1 at 256-57. On August 11, 2006, Commissioner Roche of the South Carolina Workers' Compensation Commission ("the Commission") heard Plaintiff's workers' compensation claim. *See* Ex. to Compl. at 260.

On September 27, 2006, at the direction of Commissioner Roche, Attorney Benson submitted a proposed order to Commissioner Roche holding Defendants responsible for paying Plaintiff temporary total compensation benefits and all medical charges related to Plaintiff's hernia surgery, but not permanent disability benefits. *See* Ex. to Compl. at 271-72. By letter dated September 29, 2006, Plaintiff informed Attorney Benson that she did not agree with the proposed order and requested that it be modified. Ex. to Compl. at 271-72. By letter dated October 5, 2006, Plaintiff terminated Attorney Benson's representation citing her disagreement with the proposed order. Ex. to Compl. at 278-79. Commissioner Roche signed Attorney Benson's proposed order on October 25, 2006. Ex. to Compl. at 260-68.

On April 16, 2007, a Full Commission review was held before Commissioners Lyndon, Bass

---

[4] As with Plaintiff's previous motion to supplement, Plaintiff's proposed supplemental pleading does not seek to set out events subsequent to Plaintiff's other pleadings, but to fix pleading errors. Therefore, Rule 15(c) does not apply and the court construes Plaintiff's motion as a motion to amend the complaint.

and Williams. Ex. to Compl. at 79. By letter dated April 27, 2007, Commissioner Bass requested that Defense Counsel Erroll Hodges draft an order in compliance with the findings of the Appellate Panel that "Dr. David's record indicates there was no hernia. He also indicates that if a hernia exists, it was due to the previous kidney transplant," and "[the alleged hernia] failed to meet the requirements of § 42-5-40(1), (2), (4), and (5)." Ex. to Compl. at 76. Plaintiff was copied on this letter. *Id.* On July 23, 2007, the Full Commission issued an order reversing the decision of Commissioner Roche and denying all of Plaintiff's claims for benefits. Ex. to Compl. at 101-106.

On August 13, 2007, Plaintiff noticed her appeal of the Commission's decision to the South Carolina Court of Appeals. Ex. to Compl. at 12. On August 17, 2007, Plaintiff was advised that her appeal would be held in abeyance pending the South Carolina Supreme Court's decision in a case addressing the issue of which court has jurisdiction over appeals from the Commission. Ex. to Compl. at 17. On September 13, 2007, Plaintiff's appeal was dismissed pursuant to *Pee Dee Regional Transp v. S.C. Second Injury Fund*, (S.C. Aug. 24, 2007), which held that appeals from decisions of the Commission should be made to the Circuit Courts, not the Court of Appeals. Ex. to Compl. at 19-20. On October 24, 2007, the South Carolina Court of Appeals issued an order granting Plaintiff a rehearing on her appeal and transferring the appeal to the Circuit Court of Lancaster County. Ex. to Compl. at 25-27. After the hearing on September 8, 2009 in Circuit Court, Judge Benjamin H. Culbertson issued a judgment affirming the Commission's denial of benefits. Ex. to Compl. at 6 Case No. 2008-CP-29-18. The order was filed on September 30, 2009. *Id.*

On March 1, 2010, Plaintiff filed a motion to supplement her pleadings with the Lancaster County Court of Common Pleas. Ex. to Compl. at 224-236. On March 26, 2010, Judge Brooks Goldsmith of the Lancaster County Court of Common Pleas denied Plaintiff's motion to supplement

her pleadings because the case had been dismissed by the September 8, 2009 order. Ex. to Compl. at 242. On April 2, 2010, Plaintiff filed a motion in the Lancaster County Court of Common Pleas seeking to set aside the September 8, 2009 dismissal.[5] Ex. to Compl. at 246-252.

## II.     Discussion

Because service of process has not yet been authorized, Plaintiff is entitled to amend her complaint "once as a matter of right." *See* Fed. R. Civ. P. 15(a)(2). Therefore, Plaintiff's motion to supplement (Entry 20), which the court construes as a motion to amend, is granted. However, in keeping with the court's duty under 28 U.S.C. § 1915(e)(2), the court will review Plaintiff's amended *pro se* pleading to determine whether it is subject to summary dismissal. *See Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing) (abrogated on other grounds by *Neitzke v. Williams*, 490 U.S. 319 (1989)). In cases involving *pro se* litigants, the court reads the pleadings leniently and holds them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks omitted). However, even under this lenient standard, Plaintiff's amended complaint is subject to summary dismissal for failure to state a claim upon which relief can be granted.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id.* It requires the plaintiff to articulate facts that, when accepted as true, "show" that the plaintiff has stated a claim

---

[5]     The court is not aware of any ruling on this motion.

entitling her to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 557). The court "need not accept the [plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006).

To state a claim under §1985(3), a plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property, or deprived of any right or privilege of a citizen of the United States." *United Bhd. of Carpenters and Joiners of Am. v. Scott*, 463 U.S. 825, ----, 103 S. Ct. 3352, 3356 (1983) (citing *Griffin v. Breckenridge,* 403 U.S. 88, 102-103 (1971)). In addition, a plaintiff must show that the alleged conspiracy is motivated by "some racial, or perhaps otherwise class-based invidiously discriminatory animus." *Id.* at 102.

Plaintiff contends that members of the alleged conspiracy discriminated against her based upon race. Entry 20-1 at 6, 7, 10. Plaintiff has not sufficiently articulated any federal constitutional claim. While Plaintiff uses the term "race discrimination," she has failed to identify her race or explain how she has been treated differently than other similarly situated persons. Plaintiff's conclusory allegations of race discrimination fail to state a claim that is plausible rather than speculative, and fail to put Defendants on notice of the basis for Plaintiff's claim of racial discrimination. Based upon the foregoing, Plaintiff's § 1985(3) claim is dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In addition, this court's consideration of the merits of Plaintiff's allegations is barred by the *Rooker-Feldman* doctrine. Pursuant to the *Rooker-Feldman* doctrine, lower federal courts may not

review state-court decisions, except in habeas corpus actions. *Shooting Point, L.L.C. v. Cumming*, 368 F.3d 379, 383 (4th Cir. 2004); *Jordahl v. Democratic Party*, 122 F.3d 192, 199 (4th Cir. 1997). This includes decisions made by a state's highest court as well as decisions made by lower state courts. *Shooting Point, L.L.C. v. Cumming*, 368 F.3d 379, 383 (4th Cir. 2004) (citing *Jordahl*, 122 F.3d at 199). The *Rooker-Feldman* jurisdictional bar "extends not only to issues actually decided by a state court but also to those that are inextricably intertwined with questions ruled upon by a state court." *Shooting Point*, 368 F.3d at 383 (internal quotation marks omitted). A federal claim is "inextricably intertwined" with a state court decision "if in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render the judgment ineffectual. . . ." *Jordahl*, 122 F.3d at 202.

The court finds that Plaintiff's claims are "inextricably intertwined" with questions ruled upon by a state court, and thus barred by the *Rooker-Feldman* doctrine, because any decision on the merits of Plaintiff's claims would require this court to find that decisions issued by the state courts were improperly entered. *See Dye v. Hatfield*, No. Civ.1:03CV01077, 2004 WL 3266029, at *3-5 (M.D.N.C. Aug. 26, 2004) (finding that plaintiffs' civil rights claims based upon an alleged conspiracy among "virtually everyone involved with the North Carolina state court system" were barred by the *Rooker-Feldman* doctrine because a ruling in favor of plaintiffs would "necessarily require the court to find that a state court wrongly decided certain issues" or "improperly entered orders and judgments" against the plaintiffs); *Newman v. Alexander*, 2003 WL 1746320, at *4 (W.D. Va. 2003) (finding that *Rooker-Feldman* doctrine barred the court from hearing claims made by a plaintiff seeking to attack her criminal conviction by accusing judicial officers of conspiring against her because such claims seek a determination that state court decisions were wrong).

7

Plaintiff objected to the Magistrate Judge's conclusion that the *Rooker-Feldman* doctrine barred her claims contending that: 1) "[t]he only exception to the *Rooker-Feldman* doctrine is where a federal statute authorizes federal court review of final state court decisions . . . [t]hat statute happens to be Title 28 U.S. Code § 1343(a)(4)," Pl. Obj. at 29; 2) the "*Rooker-Feldman* doctrine does not bar her claim because the doctrine only bars review of final orders, Pl. Obj. at 31; 3) this court can decide this case because "[a]ll courts have the inherent equitable power to vacate a judgment that has been obtained through the Commission of fraud upon the court," Pl. Obj. at 36, citing *Universal Oil Pros. Co., v. Roof Ref. Co.*, 328 U.S. 575, 580 (1946); and 4) there is an exception to the *Rooker-Feldman* doctrine in cases of fraud. Pl. Obj. at 30. Although the Magistrate Judge's recommendation is not applicable to Plaintiff's amended complaint, the court will address Plaintiff's arguments.

First, contrary to Plaintiff's contention, Title 28 United States Code Section 1343(a)(4) does not authorize this court to review final state court decisions. Section 1343(a)(4) grants district court original jurisdiction over civil actions "[t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote." *Id.* Original jurisdiction is not to be confused with appellate jurisdiction to review state court judgments. *See also Jordahl v. Democratic Party*, 122 F.3d 192, 199 (4th Cir. 1997) (district courts can only review state court decisions in habeas corpus cases). Second, Plaintiff's contention that the *Rooker-Feldman* doctrine does not apply to interlocutory orders is incorrect. *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311 (4th Cir. 2003) ("*Rooker-Feldman* . . . applies to interlocutory orders issued by state courts . . . because it cannot be the meaning of *Rooker-Feldman* that, while the inferior federal courts are barred from reviewing final decisions of state courts, they are free to review

interlocutory orders."). Third, contrary to Plaintiff's contention that this court can correct errors in state court judgments under Federal Rule of Civil Procedure 60(b), "the proper forum in which to assert that a party has perpetrated a 'fraud on the court' is the court which allegedly was a victim of that fraud." *Weisman v. Charles E. Smith Mgmt, Inc.*, 829 F.2d 511, 513 (citing *Universal Oil Co. v. Root Refining Co.*, 328 U.S. 575, 580-81 (1946)).

With regard to Plaintiff's fourth argument, Plaintiff contends that the *Rooker-Feldman* doctrine does not apply to cases involving fraud, relying on *Long v. Shorebank Dev. Corp.*, 182 F.3d 548 (7th Cir.1999), and *Kropelnicki v. Siegel*, 290 F.3d 118 (2d Cir. 2002). Pl. Obj. 29-31. In *Long*, the Seventh Circuit found that a plaintiff's fraud claims, which were made pursuant to the Fair Debt Collection Practices Act, were not inextricably intertwined with a state court eviction order because the plaintiff's fraud claims could not have been presented during a summary statutory action for forcible entry and detainer. 182 F.3d at 558-59. The court found that "an issue cannot be inextricably intertwined with a state court judgment if the plaintiff did not have a reasonable opportunity to raise the issue in state court proceedings." *Id.* at 559. However, the court also found that a plaintiff may not "rely on the deception of her opponents to demonstrate that she was not afforded a reasonable opportunity to raise her federal claims." *Id.* Similarly, in *Kropelnicki*, the Second Circuit declined to recognize" a blanket fraud exception to *Rooker-Feldman*," stating that a plaintiff "must show 'some factor independent of the actions of the opposing party that precluded [her] from raising [her] federal claims.'" 290 F.3d 118, 128-29 (citing *Long*, 182 F.3d at 558). *See also West v. Evergreen Highlands Ass'n*, 213 F. App'x 670 (10th Cir. 2007) ("Construing *Rooker-Feldman* to permit federal reconsideration and nullification of state judgments on grounds that could have been pursued in state court arguably allows under the rubric of collateral attack just

9

another mechanism for lower federal court review unauthorized under § 1257.").

In an attempt to identify a factor that precluded her from raising her federal claims in state court, Plaintiff states: "While complying with Judge Culbertson' [sic] March 22, 2010 instructions to submit March 1, 2010 Motion to Supplement Pleadings, Circuit Court activities deprived [Plaintiff of] her Procedural Due Process with fraudulent Order of denial." Pl. Obj. at 30-31. Plaintiff's claim is without merit. After the Circuit Court affirmed the decision of the Full Commission denying Plaintiff benefits, Plaintiff had a reasonable opportunity to raise her fraud claims with that court through a motion for relief from judgment or order under Rule 60(b) of the South Carolina Rules of Civil Procedure.[6] In fact, Plaintiff has filed a motion to set aside the September 8, 2009 dismissal in the Lancaster County Court of Common Pleas. Ex. to Compl. at 246-252. Therefore, Plaintiff has not identified any factors that precluded her from raising her claims in state court. Based upon the foregoing, the *Rooker-Feldman* doctrine deprives the court of subject-matter jurisdiction in this case.[7]

---

[6] South Carolina Rule of Civil Procedure 60(b) provides that a motion for relief from a judgment or order based upon fraud must be made "within a reasonable time, and . . . not more than one year after the judgement[] [or] order . . . was entered. . . ." *Id.*

[7] In Plaintiff's two subsequent motions to amend, Plaintiff seeks to allege claims on strict liability in tort and joint tortfeasor grounds. Because Plaintiff has already amended her pleading once as a matter of right, Plaintiff may not amend her pleading again without the opposing party's written consent or court leave. *See* Fed. R. Civ. P. 15(a)(2). Under Rule15(a), leave to amend a complaint should be freely given, unless the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 391 (4th Cir. 2008). Strict liability in tort and joint tortfeasor liability are improper causes of action for this case. *See* F.P HUBBARD & R.L. FELIX, THE SOUTH CAROLINA LAW OF TORTS, 251 n.4, iv (3rd Ed. 2004) (stating that strict liability in tort was established for products liability in South Carolina by the legislative adoption of Restatement § 402A (1965) in S.C. Code Ann. §§ 15-73-10 to -30) (also indicating that joint tortfeasor liability is a method of allocating liability, not a cause of action). In addition, the proposed causes of action based upon strict liability in tort and joint tortfeasor liability are barred by the *Rooker-Feldman* doctrine for the same reason that Plaintiff's claim under § 1985 is barred. Therefore, Plaintiff's second and third motions to amend are denied as futile.

### III.     Conclusion

Plaintiff's motion to amend (Entry 20) is **granted.**  However, for the reasons set forth above, summarily dismissal without prejudice and without issuance and service of process is appropriate. Plaintiff's other motions to amend (Entries 22 and 24) are **denied** as futile.  All other motions are **denied** as moot.

**IT IS ORDERED.**

s/ Margaret B. Seymour
Honorable Margaret B. Seymour
United States District Judge

February 3, 2011
Columbia, South Carolina